**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED N. AREZZO, | CIVIL ACTION NO. 16-4318 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CITY OF HOBOKEN, et al., | |
| Defendants. | |

**LINARES, District Judge**

The plaintiff, Alfred N. Arezzo, brings this action pursuant to 42 U.S.C. § 1983 (hereinafter, "Section 1983"), and alleges that the defendants committed constitutional violations when terminating his municipal employment. (See dkt. 18.) The defendants City of Hoboken, Dawn Zimmer in her official capacity as Hoboken's Mayor and in her individual capacity, and Arch Liston in his official capacity as Hoboken's Business Administrator and in his individual capacity (collectively hereinafter, "the Hoboken Defendants") move to dismiss the plaintiff's claims that are asserted against them. (See dkt. 23 through dkt. 23-2; dkt. 30 through dkt. 30-3.)[1] The defendants New Jersey Civil Service Commission (hereinafter, "the NJCSC"), and Robert M. Czech in his official capacity as the NJCSC's Chairperson and in his individual capacity (collectively

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

hereinafter, "the NJCSC Defendants") separately move to dismiss the plaintiff's claims that are asserted against them. (See dkt. 29 through dkt. 29-3; dkt. 34.) The plaintiff opposes both motions. (See dkt. 28 through dkt. 28-6; dkt. 33.)

The Court will resolve the two motions upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes that the parties are familiar with the factual context and the procedural history of the action. For the following reasons, the Court will grant both motions.

## BACKGROUND

The following rendition of the facts is derived from the plaintiff's amended complaint; a Decision issued by an Administrative Law Judge (hereinafter, "the ALJ") at the New Jersey Office of Administrative Law (hereinafter, "the NJOAL") on July 24, 2012; a Decision issued by the NJCSC on September 5, 2012; a Decision issued by the New Jersey Appellate Division on November 21, 2014; and the uncontested facts asserted by the parties. (See dkt. 18; dkt. 28-2; dkt. 28-3; dkt. 28-4.)

Arezzo was employed by the City of Hoboken as a construction code official for over 30 years. Effective February 17, 2011, the Hoboken Defendants terminated Arezzo's employment because he: (1) was insubordinate toward Liston in his refusal to attend sexual harassment training; and (2) altered certain municipally-owned electronic equipment without authorization.

Arezzo challenged his termination before the NJOAL, and the ALJ conducted several hearings. In a Decision issued on July 24, 2012, the ALJ found that Arezzo's termination was excessive and reduced the penalty to a six-month suspension.

Arezzo and the Hoboken Defendants filed exceptions to the ALJ's Decision with the NJCSC, which did not conduct any hearings. In a Decision issued on September 5, 2012, the NJCSC adopted the ALJ's findings of fact, but reinstated Arezzo's termination. That Decision was signed by Czech in his official capacity as the NJCSC's Chairperson.

Arezzo appealed to the New Jersey Appellate Division, which affirmed the NJCSC's Decision. See In re Arezzo, No. A-0791-12T4, 2014 WL 6490205 (N.J. App. Div. Nov. 21, 2014). In June 2015, the New Jersey Supreme Court denied Arezzo's petition for certification. See In re Arezzo, 222 N.J. 15 (2015).

Arezzo asserts that his constitutional rights have been violated by the Hoboken Defendants and the NJCSC Defendants. The NJCSC Defendants now move to dismiss Arezzo's claims that are asserted against them, and argue that those claims are barred by Eleventh Amendment immunity, the statute of limitations, and the Rooker-Feldman doctrine. The Hoboken Defendants separately move to dismiss the plaintiff's claims that are asserted against them, and argue that those claims are barred by the statute of limitations, the Rooker-Feldman doctrine, and the entire controversy doctrine.

## DISCUSSION

I. **Standards**

　A. **Rule 12(b)(1)**

It is not necessary for the Court to restate the standard for resolving a motion to dismiss made pursuant to Rule 12(b)(1), because that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the

standard; citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

### B.  Rule 12(b)(6)

It is also not necessary for the Court to restate the standard for resolving a motion to dismiss made pursuant to Rule 12(b)(6). See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## II.  Immunity

The Court will consider the issue of immunity insofar as it pertains to the NJCSC and to Czech in his official capacity in the first instance, and before addressing the other arguments of the parties, because that issue is relevant to the Court's jurisdiction. See United States v. Gov't of V.I., 363 F.3d 276, 280 (3d Cir. 2004).

Section 1983 enables a plaintiff to bring a civil action only against a "person" who causes a deprivation of constitutional rights under the color of state law. However, the NJCSC and Czech in his official capacity as the NJCSC's Chairperson are not considered to be "persons" subject to such an action. See Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006). The Eleventh Amendment also bars Section 1983

claims from being brought against state agencies and state officials, because those kinds of claims are, in effect, brought against the state itself. See Hanani, 205 Fed.Appx. at 79; see also Chee-Wah v. Maurer, No. 15-3874, 2016 WL 5846222, at *2 (3d Cir. Oct. 6. 2016) (affirming the district court's dismissal of the plaintiff's claims that were brought against the NJCSC and NJCSC officials due to Eleventh Amendment immunity). The State of New Jersey has not consented to subject its agencies and its officials to Section 1983 claims, and the immunity afforded to New Jersey state agencies and officials against Section 1983 claims has not been abrogated.

Therefore, the Court grants the part of the motion by the NJCSC Defendants that seeks to dismiss the Section 1983 claims asserted against the NJCSC and Czech in his official capacity. The plaintiff's claims asserted against Czech in his individual capacity remain, and they will be addressed infra.

### III. Statute of Limitations

The Hoboken Defendants terminated Arezzo's employment as of February 2011. However, Arezzo did not bring this action until 2016. As a result, any claims asserted under Section 1983 against the Hoboken Defendants are barred by New Jersey's two-year statute of limitations for tort claims. See Wallace v. Kato, 549 U.S. 384, 387–88 (2007) (stating that that federal courts look to a state's personal injury law to determine the limitations period for a Section 1983 claim); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (stating that "[a Section] 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for

5

personal-injury claims"); see also N.J.S.A. 2A:14-2.[2]

The NJCSC Defendants reversed the ALJ and reinstated Arezzo's termination in September 2012. Thus, by the same reasoning discussed above, the plaintiff's Section 1983 claims that are asserted against Czech in his individual capacity are also barred by the statute of limitations. The Court notes that the plaintiff's Section 1983 claims that are asserted against the NJCSC and Czech in his official capacity would, in the alternative, also be dismissible for being barred by the statute of limitations.

Arezzo argues that the limitations period did not begin to run until after he had exhausted his administrative remedies and after the New Jersey Supreme Court denied his petition for certification in June 2015, and that as a result his claims are timely. That argument is without merit. It is now well-settled law — with a notable statutory exception applying to litigation that has been instituted in federal court by a prisoner — that the "exhaustion of state administrative remedies is not a prerequisite to bringing a claim under section 1983." DePiano v. Atlantic County, No. 02-5441, 2005 WL 2143972, at *14 (D.N.J. Sept. 2, 2005); see Patsy v. Board of Regents, 457 U.S. 496, 500–01 (1982) (holding, in a case wherein a plaintiff bringing an employment discrimination action against a state employer had not exhausted all state administrative remedies before bringing a Section 1983 claim, that "this Court has stated categorically that exhaustion is not a prerequisite to an action under § 1983"). The limitations period

---

[2] For the purposes of this analysis, the Court is referring to the effective date of Arezzo's termination, as opposed to the earlier date on which the Hoboken Defendants notified him that his employment was to be terminated. The result would be the same nevertheless.

6

for Arezzo's Section 1983 claims thus began to run: (1) as to the Hoboken Defendants in 2011; and (2) as to the NJCSC Defendants in 2012. See Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d 850, 860 (3d Cir. 2014) (holding that the point of accrual of a Section 1983 claim is the occurrence of damages caused by a wrongful act, or when a plaintiff has a complete and present cause of action); see also Vargas v. City of Hackensack, No. 10-2212, 2010 WL 5168989, at *4 (D.N.J. Dec. 14, 2010) (finding a claim brought by a municipal employee against her municipal employer for wrongful suspension of her employment under Section 1983 accrued on the date when the suspension commenced, and was not extended through the time when she was actually suspended).

Arezzo also argues that because this case concerns an employment situation, his Section 1983 claims are akin to contract claims and thus New Jersey's six-year statute of limitations for contract causes of action should apply. That argument is also without merit. It is now well-settled law that the application of the statute of limitations for personal injury actions is mandated for Section 1983 claims. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993) (addressing whether to apply the Pennsylvania statute of limitations for personal injuries or contracts to a Section 1983 claim, and holding "[i]n the face of this precedent, appellants' argument for application of the longer Pennsylvania limitations period for breach of contract is plainly frivolous"); Vargas, 2010 WL 5168989, at *3–4 (finding a claim brought in New Jersey by a municipal employee against her municipal employer for wrongful suspension of her salary under Section 1983

was controlled by the two-year personal injury statute of limitations, and not the six-year contract statute of limitations); see also Wright v. Drug Enforcement Agency, 354 Fed.Appx. 608, 610 (3d Cir. 2009) (rejecting the plaintiff's argument that his Section 1983 claim was controlled by the six-year statute of limitations for contract claims, and holding that his claim was subject to New Jersey's two-year statute of limitations for personal injury actions because plaintiff argued that he had suffered a constitutional violation).

Therefore, the Court grants the motion by the Hoboken Defendants insofar as they seek a dismissal pursuant to the statute of limitations. The Court also grants dismissal to Czech in his individual capacity pursuant to the statute of limitations.

## IV. Alternative Arguments

The Court's determinations set forth above "preclude[] the necessity to address [the defendants'] alternative grounds for dismissal," but the Court will exercise the discretion to discuss two of those alternative grounds "for the sake of completeness." Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc., 287 F.Supp.2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon lack of subject matter jurisdiction).

### A. Rooker-Feldman Doctrine as to All Defendants

Alternatively, Arezzo's claims against all of the defendants are barred by the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923). "In essence, [the] amended complaint sought federal court review of [the New Jersey Appellate Division's]

ruling," which the Court lacks the authority to do. Bierley v. Abate, No. 16-1458, 2016 WL 4537903, at *1 (3d Cir. Aug. 31, 2016) (affirming the district court's dismissal on Rooker-Feldman grounds, because the doctrine bars a district court from reviewing a case brought by a state court loser who complains of injuries caused by a state court judgment rendered before the district court proceedings commenced, and who invites a review and rejection of that judgment). The Court is prohibited by the Rooker-Feldman doctrine from providing relief that would effectively reverse the decision, directly or indirectly invalidate the determination, prevent the enforcement of the order, or void the ruling issued by the New Jersey Appellate Division. See Jacques v. Chase Bank USA, N.A., No. 16-1318, 2016 WL 5075940, at *1 (3d Cir. Sept. 20, 2016).

In an effort to bypass the bar presented in this case by the Rooker-Feldman doctrine, Arezzo argues that he is not seeking a review of the decision issued by the New Jersey Appellate Division. However, that argument is belied by Arezzo's statement in his amended complaint wherein he asks that "[t]he decision of the [NJCSC] be vacated," which is a Decision that was affirmed by the New Jersey Appellate Division. (Dkt. 18 at 12.) Arezzo fails to explain how the Court could vacate the NJCSC's Decision without, in effect, voiding the opinion New Jersey Appellate Division that affirmed that Decision.

Therefore, the Court could also grant the motions by all of the defendants insofar as they seek dismissal pursuant to the Rooker-Feldman doctrine.

### B. The Entire Controversy Doctrine as to the Hoboken Defendants

Arezzo alleges that the Hoboken Defendants are liable under Section 1983 for the manner in which they terminated his employment. However, all of the claims that

Arezzo asserts against the Hoboken Defendants would be barred by the entire controversy doctrine, because he could have raised any allegations concerning constitutionally violative conduct before the New Jersey Appellate Division. See Lui v. Comm'n On Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004) (stating that "[s]tate courts are every bit as competent to deal with . . . claims . . . as are federal courts, and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution").

The entire controversy doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction or series of transactions." Zahl v. Warhaftig, 655 Fed.Appx. 66, 76 (3d Cir. 2016) (internal quotation marks and citations omitted); see Opdycke v. Stout, 233 Fed.Appx. 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach of the entire controversy doctrine). As a result, Arezzo is precluded from bringing his Section 1983 claims against the Hoboken Defendants.

Therefore, the Court could also grant the motion by the Hoboken Defendants insofar as they seek dismissal pursuant to the entire controversy doctrine.[3]

---

[3] Having now addressed several grounds for dismissal, the Court will not address the two other arguments raised by the NJCSC Defendants that: (1) Czech is protected by qualified immunity in his individual capacity; and (2) previous case law has declared that the state review process to which Arezzo was subjected is constitutional.

## CONCLUSION

For the aforementioned reasons, the Court will: (1) grant the motion by the Hoboken Defendants to dismiss the claims asserted against them; (2) grant the motion by the NJCSC Defendants to dismiss the claims asserted against them; and (3) dismiss the entire amended complaint.

The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** January 23rd, 2017